UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| FERNANDO BUSTILLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:15-cv-00098-WTL-WGH |
| | ) | |
| TODD ROYER, | ) | |
| T. JENSEN, | ) | |
| G. ROGERS, | ) | |
| J. SHERMAN, | ) | |
| HEATHER MATTA, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Leave to Proceed *In Forma Pauperis*, Discussing Complaint, Dismissing Insufficient Claims, and Directing Service of Process**

**I.**
***In Forma Pauperis* Motion**

The plaintiff's motion for leave to proceed *in forma pauperis* [dkt 5] is **granted**, as payment of a partial filing fee is not feasible at this time.

**II.**
**Background**

Plaintiff Fernando Bustillo is currently incarcerated at the United States Penitentiary in Terre Haute, Indiana ("USP-TH"). In his complaint, Mr. Bustillo alleges that the defendants violated his constitutional rights in several ways, which are discussed in more detail below. He seeks damages and injunctive relief. Because Mr. Bustillo is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants.

# III.
# Screening

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Bustillo are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). Nonetheless, "[p]ro se litigants are masters of their own complaints and may choose who to sue-or not to sue," *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005), and the court may not rewrite a complaint to include claims that were not presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999); *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993).

Mr. Bustillo's claims are brought under the theory set forth in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He seeks damages and injunctive relief. *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers. . . ." *King v. Federal Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005); *see also Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995)

(noting that "the effect of *Bivens* was to create a remedy against federal officers acting under color of federal law that was analogous to the Section 1983 action against state officials").

The complaint alleges *Bivens* claims against the following employees of the TH-USP: (1) Todd Royer; (2) T. Jensen; (3) G. Rogers; (4) J. Sherman; and (5) Heather Matta. Mr. Bustillo asserts eleven claims in his complaint, each of which the Court will address in turn.

1. **Denial of Postage Stamps to Send Legal Mail**

Mr. Bustillo alleges that defendant Mr. Royer routinely denies him postage stamps to send legal mail and thus denies him his First Amendment right to access the courts. Specifically, Mr. Bustillo asserts that the denial of postage stamps resulted in his inability to pursue an appeal in *Bustillo v. Harvey*, No. 2:13-cv-00120-JMS-WGH (S.D. Ind.), and *Bustillo v. Rardin*, No. 2:13-cv-00192-JMS-WGH (S.D. Ind.).

The Seventh Circuit has explained:

> the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed.

*Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Therefore, to adequately plead an access-to-courts claim, the plaintiff has to "allege that as a result of the prison's action the plaintiff had lost a case or suffered some other legal setback." *Pratt v. Tarr*, 464 F.3d 730, 732 (7th Cir. 2006). Mr. Bustillo has alleged that the denial of stamps led to his inability to pursue an appeal in two specific cases. Although "[a]t some point in this suit [he] will be required to prove that because he lacked [stamps] he lost one or more of those cases[,] [t]hat showing is not required at the pleadings stage." *Id.* at 733. Accordingly, Mr. Bustillo's access-to-courts claim against Mr. Royer **may proceed**.

### 2. Denial of Post Stamps Dictated by Bureau of Prison Policy

Mr. Bustillo alleges that defendant Mr. Royer routinely denies him the five postage stamps per month to which Bureau of Prison policy states he is entitled, and this denial has precluded him from sending social correspondence in violation of the First Amendment. The Seventh Circuit has "consistently held that '42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.'" *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) (quoting *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003)). Mr. Bustillo has no First Amendment right to stamps to send social correspondence, and the fact that he is not receiving the stamps to which he is entitled under BOP policy "is completely immaterial as to the question of whether a violation of the federal constitution has been established." *Id.* Accordingly, this claim is **dismissed**.

### 3. Destruction of Personal Mail

Mr. Bustillo alleges that defendant Mr. Royer confiscated and destroyed his outgoing personal mail addressed to family members and friends in violation of the First Amendment. As stated above, Mr. Bustillo has no First Amendment right to send personal correspondence. *See id.* This claim is therefore **dismissed**.

### 4. Denial of the Opportunity to Use Entire Prison Cell

Mr. Bustillo alleges that defendant Mr. Royer rudely informed him that he can only use half of his cell and cannot use the top bunk or top locker for any reason, despite knowing that Mr. Bustillo was granted single cell status because his medical conditions require him to use the toilet at a moment's notice. Denial of the use of his entire cell, says Mr. Bustillo, violates his Eighth Amendment rights.

The Eighth Amendment proscribes the imposition of cruel and unusual punishments. *Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). To prevail on an Eighth Amendment claim based on inadequate prison conditions, the prisoner must show that (1) the conditions in the prison were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," and (2) prison officials acted with deliberate indifference to those conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted). Denial of the use of an additional bed or locker is not so serious as to deny Mr. Bustillo the minimal civilized measure of life's necessities. Accordingly, this claim is **dismissed**.

5. **Denial of the Opportunity to Accumulate Funds**

Mr. Bustillo alleges that defendant Mr. Royer has denied him a reasonable opportunity to accumulate funds in his inmate trust fund account, but fails to articulate how Mr. Royer does so. Because there is no free-standing constitutional right to accumulate money while in prison, this claim is **dismissed**.

6. **Confiscation of Spray Bottle**

Mr. Bustillo alleges that defendant Mr. Royer confiscated the spray bottle Mr. Bustillo uses to clean his cell so that he would have to live in a dirty cell. As stated above, the Eighth Amendment requires prisoners to be afforded "the minimal civilized measure of life's necessities." *Id.* But this does not entitle Mr. Bustillo to a particular device to clean his cell. Since Mr. Bustillo has not alleged that he was otherwise unable to clean his cell due to the lack of spray bottle, or even that his cell was unacceptably dirty, this claim is **dismissed**. *See Myrick v. Anglin*, 496 Fed.

Appx. 670, 675-76 (7th Cir. 2012) (holding that a prisoner had failed to state an Eighth Amendment claim regarding "the condition of his cell" because, "[a]lthough he did not receive the specific cleaning supplies he requested, [the plaintiff] does not allege that he was unable to clean his cell with supplies available to him").

### 7. Failure to Abide by Single-Cell Status

Mr. Bustillo alleges that defendant Mr. Royer failed to respect his single-cell designation in violation of his Eighth Amendment rights. This claim is essentially the same as the fourth claim addressed above. For the same reason, Mr. Bustillo has failed to state an Eighth Amendment claim, and this claim is **dismissed**.

### 8. Race Discrimination

Mr. Bustillo alleges that defendant Mr. Royer is openly racist and directs racial epithets at Mr. Bustillo because he is a Mexican-American, and that this violates his Fifth Amendment rights. The use of "derogatory racial epithet[s]" is "unprofessional and inexcusable," but does not violate Mr. Bustillo's constitutional rights. *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987). This claim is therefore **dismissed**.

### 9. Telling Other Inmates that Plaintiff is a Government Informant

Mr. Bustillo alleges that defendants Mr. Royer, Mr. Rogers, and Mr. Sherman routinely tell other inmates that Mr. Bustillo is a government informant in the hopes that the inmates with assault or murder Mr. Bustillo. He does not, however, allege that he has actually been assaulted as a result of defendants' actions.

The Seventh Circuit has made clear that "it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment." *Doe v. Warden*, 110 F.3d 520, 524 (7th Cir. 1997) (citation and quotation marks

omitted). Therefore, "[a]n allegation that prison officials exposed a prisoner to a risk of violence at the hands of other inmates, does not implicate the Eighth Amendment's Cruel and Unusual Punishments Clause." *Id.* (citation and quotation marks omitted). Because Mr. Bustillo has only alleged that defendants exposed him to an increased risk of violence at the hands of inmates, rather than that a reasonably preventable assault occurred, this claim is **dismissed**.

10. **Denial of Administrative Grievance Procedure**

In Counts 10 and 11, Mr. Bustillo alleges that he was denied his constitutional right to administrative remedy forms. There is no constitutional right to an inmate grievance procedure. *See Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). Accordingly, this claim is **dismissed**.

11. **Denial of Medication**

Mr. Bustillo alleges that defendant Mr. Royer directed defendant physician's assistant Ms. Matta to withhold medication from Mr. Bustillo that he had been prescribed. Mr. Bustillo states that Ms. Matta did so in retaliation for previous lawsuits and in violation of his Eighth Amendment rights. These allegations are sufficient to state both an Eighth Amendment and retaliation claim against Mr. Royer and Ms. Matta. Accordingly, these claims **may proceed**.

12. **Remaining Defendants**

Mr. Bustillo does not make any specific allegations against defendant T. Jensen; therefore, he is **dismissed as a defendant in this action**. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). Furthermore, the only claim against defendants Mr. Rogers and Mr. Sherman was dismissed; therefore, they too must be **dismissed as defendants in this action**. The

**clerk is directed** to amend the docket to reflect the dismissal of defendants T. Jensen, G. Rogers, and J. Sherman.

## IV.
## Service of Process

The clerk is designated, pursuant to Fed. R. Civ. P. 4(c)(2), to issue process to Todd Royer and Heather Matta. The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint, filed on April 3, 2015, (docket 1), and a copy of this Entry, on the defendants and on the officials designated pursuant to Fed. R. Civ. P. 4(i)(2), at the expense of the United States.

## V.
## Conclusion

For the reasons explained, defendants T. Jensen, G. Rogers, and J. Sherman are **dismissed as defendants in this action**. The following claims will proceed:

- Mr. Bustillo's access-to-courts claim against defendant Mr. Royer, stemming from Mr. Royer's alleged denial of stamps to Mr. Bustillo, which resulted in Mr. Bustillo's inability to pursue an appeal in *Bustillo v. Harvey*, No. 2:13-cv-00120-JMS-WGH, and *Bustillo v. Rardin*, No. 2:13-cv-00192-JMS-WGH.

- Mr. Bustillo's Eighth Amendment and retaliation claims against defendants Mr. Royer and Ms. Matta, stemming from Mr. Royer's instruction to Ms. Matta not to provide Mr. Bustillo with necessary medication and Ms. Matta's failure to provide Mr. Bustillo that medication.

  **IT IS SO ORDERED.**

Date: 5/7/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

FERNANDO BUSTILLO
02530-051
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution.**